IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRYL POWELL,

    Plaintiff,

    v.

MARYLAND DIVISION OF
   CORRECTION,
RONALD ELLSWORTH,
BRUCE SHREVE,

    Defendants.

Civil Action No.:  DKC-20-3048

**MEMORANDUM OPINION**

Pending in this civil rights case is Defendants' motion to dismiss.  ECF No. 13.  The motion is unopposed by Plaintiff Darryl Powell.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2018).   For the reasons stated below, Defendants' motion shall be granted, and the complaint dismissed in its entirety.

BACKGROUND

Plaintiff Darryl Powell, an inmate confined to North Branch Correctional Institution ("NBCI"), filed this complaint seeking compensatory damages in connection with injuries he sustained during transport in a Division of Correction ("DOC") van.  Mr. Powell alleges that on December 23, 2016, Defendants Officer Ronald Ellsworth and Officer Bruce Shreve placed him into a van with other inmates for the purpose of taking him "from one prison to another."  ECF No. 1 at 2.  He claims that the DOC van was missing the entire front row seat, requiring Ellsworth and Shreve to put all of the inmates into the remaining two seats.  *Id*. at 3.  Mr. Powell was the last person put into the van and was seated on the very end of the seat.  *Id*.  He recalls that there was

not enough room on the seat, requiring him to sit with "half of my buttocks hanging off of the seat." *Id*.

Mr. Powell alleges that despite the lack of room for him to sit properly in the van and the absence of the front row of seats, Ellsworth and Shreve "made the conscious decision to cram [him] and the other inmates into the van without placing [them] safely in seatbelts." ECF No. 1 at 3. Ellsworth drove the van and, according to Mr. Powell, was "speeding while at the same time using his cell phone." *Id*.

Mr. Powell claims that Ellsworth made a sharp turn, causing him to fall out of his seat. ECF No. 1 at 3. After the incident, Mr. Powell was taken to a hospital by ambulance where he was diagnosed and treated for a contusion, sprain, and strain to his neck and back. *Id*. Mr. Powell states that he would not have been injured had Ellsworth and Shreve followed regulations and procedures governing the transport of prisoners. ECF No. 1 at 3-4, citing Executive Directive No. OPS.110.0003.E-1. He alleges that the conduct of Ellsworth and Shreve violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id*. at 4.

STANDARD OF REVIEW

In reviewing the complaint in light of a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d, 247, 251 (7th Cir. 1994)) (once a claim for relief has been stated, a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint').

3

ANALYSIS

Defendants argue that the complaint is subject to dismissal because it is barred by the statute of limitations; it fails to state a federal claim; and this court dismissed Mr. Powell's earlier filed complaint concerning the same allegations in Civil Action DKC-20-2114.  ECF No. 13.

In an Order dated August 6, 2020, this court granted Mr. Powell 28 days to supplement the complaint in Civil Action DKC-20-2114 and advised that "[a] claim of negligence does not state a federal claim."  *Powell v. Md. Div. of Corr., et al.*, Civil Action DKC-20-2114 (D. Md. 2020) at ECF No. 3, citing *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).  Mr. Powell did not respond to the court's order and his complaint was dismissed without prejudice.  *Id*. at ECF No. 5.  The allegations raised in the complaint filed in this case are identical and concern the same incident.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005).  They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Title 28 U.S.C. § 1331 provides that federal court may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.  28 U.S.C. § 1331. For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly frivolous.  *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).

While Mr. Powell presents his claim as one arising under the Eighth Amendment to the United States Constitution, the substance of the claim sounds in negligence.  A claim of negligence does not state a federal constitutional claim.  *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (claims of negligence are not cognizable under § 1983).  The "Constitution is designed to deal with

4

deprivation of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999).  An Eighth Amendment claim requires a plaintiff to establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation.  *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

Transporting inmates without a seatbelt has been held to be insufficient to state a constitutional claim by multiple courts.  *See Parker v. Keen*, 2017 WL 1234077, *3 (W.D. Va. 2017) (finding officer's "less than careful driving jointly with denial of seatbelts" that caused inmate's injuries, insufficient to state a constitutional claim); *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012) ("absence of seatbelts on inmate bus transport is itself not an excessive risk"); *Vinson v. U.S. Marshals Serv.*, 2011 WL 3903199, *4 (D. S.C. 2011)(failure to seatbelt prisoners coupled with speeding or reckless driving is still mere negligence and not an Eighth Amendment violation).

Where there is evidence that the correctional officer operating a prison transport van intended to cause the prisoner plaintiff harm, the United States Court of Appeals for the Fourth has found that an Eighth Amendment claim is stated.  *See Thompson v. Commonwealth of Virginia*, 878 F. 3d 89, 107 (4th Cir. 2017).  *Thompson*, however, involved an allegation that the defendant officer (1) refused to seatbelt the plaintiff; (2) the plaintiff was handcuffed and shackled during the ride; and (3) the officer was operating the vehicle in a reckless manner with the specific goal of causing the plaintiff harm.  *Id*.  Here, Mr. Powell does not allege that Shreve and Ellsworth intended to cause him harm, nor does he allege that Ellsworth's use of his cell phone and the speed he was driving caused his injury.  Rather, Mr. Powell's injury occurred when Ellsworth made a

sharp turn.  In finding the factual allegations in *Thompson* supported both prongs of the deliberate

indifference test, the Fourth Circuit noted that

> In this case, [Defendant] Diming exhibited a similar pattern of disregard in the face of escalating risks to Mr. Thompson's safety.  Diming initially dismissed Mr. Thompson's request for a seatbelt.  He then dismissed Mr. Thompson's fear of injury and taunted him.  Even after Mr. Thompson was visibly injured and began bleeding, Diming took no action, whether to ask [Defendant] Cooper to slow down or to finally secure Mr. Thompson's seatbelt.  Moreover, there was nothing that prevented Diming from reasonably taking at least some steps to protect Mr. Thompson.  A reasonable factfinder could therefore conclude that Diming was aware of a risk to Mr. Thompson's safety, certainly by the time Mr. Thompson was injured, if not earlier, and that Diming consciously disregarded that risk by failing to intervene.

*Id*. at 109.  The allegations raised by Mr. Powell do not support the subjective prong required for

an Eighth Amendment claim.

Where no federal question is presented, the court may nonetheless possess diversity

jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is

between citizens of different States.  Here, diversity jurisdiction cannot be established because all

of the parties involved are citizens of Maryland.

CONCLUSION

The complaint must be dismissed.  A separate Order follows.

June 14, 2021                                                        /s/
                                                        _____
                                                        DEBORAH K. CHASANOW
                                                        United States District Judge